IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALLERGAN USA, INC. and ALLERGAN INDUSTRIE SAS,

Plaintiffs,

v.

PROLLENIUM US INC. and PROLLENIUM MEDICAL TECHNOLOGIES INC.,

Defendants.

C.A. No. 20-104-CFC

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS/STRIKE DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIM AND AFFIRMATIVE DEFENSE**

*Of Counsel:*

John W. Harbin
Gregory J. Carlin
Warren Thomas
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
(404) 645-7700

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

Dated: April 9, 2020

Plaintiffs Allergan USA Inc, Inc. and Allergan Industrie SAS (collectively, "Allergan") filed its Complaint in this action on January 23, 2020. D.I. 1. The allegations in the Complaint are materially identical to those asserted in the original action, *Allergan USA, Inc., et al. v. Prollenium US Inc., et al.*, C.A. No. 19-126-CFC, D.I. 5 (D. Del.),[1] with the sole difference being the asserted patents.[2] Defendants Prollenium US Inc. and Prollenium Medical Technologies Inc. (collectively, "Prollenium") filed its Answer, Affirmative Defenses and Counterclaim on March 16, 2020. D.I. 9. The asserted patents in this action are from the same family of patents asserted in the original action and each issued as a result of the same conduct before the U.S. Patent and Trademark Office ("PTO") by inventor Pierre Lebreton. *See, e.g.*, D.I. 9 ¶¶ 162-65. As a result, Prollenium's inequitable conduct counterclaim and affirmative defense asserted in this action are materially identical to that raised in the original action. *See* C.A. No. 19-126-CFC, D.I. 62-2.

On March 26, 2020, Allergan filed its motion to dismiss/strike Prollenium's inequitable conduct counterclaim and affirmative defense. D.I. 11. Allergan's motion does not present any new arguments, rather it "incorporates by reference its briefing in opposition to Prollenium's motion to amend in C.A. No. 19-126 (D.I.

---

[1] All references herein to "the original action" are to C.A. No. 19-126-CFC.

[2] Allergan states in its motion to dismiss that the allegations in this action differ only in that it involves different asserted patents. D.I. 11 at 2 n.1.

67)." D.I. 11 at 2. While Prollenium opposes Allergan's motion to dismiss, because the motion presents no arguments, there is nothing new for Prollenium to respond to. Thus, Prollenium likewise incorporates by reference its opening brief in support of its motion for leave to amend filed in the original action (C.A. No. 19-126-CFC, D.I. 63) and its reply brief (C.A. No. 19-126-CFC, D.I. 68). The reasons presented in Prollenium's briefing in the original action are equally applicable here, so Allergan's motion to dismiss Prollenium's inequitable conduct counterclaim in this action should be denied for the same reasons.

There is, however, some additional information relevant to the Court's consideration of these issues. Between March 19 and March 31, 2020, after briefing on Prollenium's motion for leave to amend in the original action, the Patent Trial and Appeal Board ("PTAB") instituted *inter partes* review ("IPR") trial proceedings on five of the six asserted patents in the original action.[3] The PTAB's decision on whether to institute trial on Prollenium's IPR petition on the sixth patent is due by April 29, 2020.[4] Because this patent is related to the other

---

[3] *Prollenium US, Inc. v. Allergan Industrie, SAS, et al.*, IPR2019-01508, Paper 19 (Mar. 19, 2020); *Prollenium US, Inc. v. Allergan Industrie, SAS, et al.*, IPR2019-01509, Paper 17 (Mar. 19, 2020); *Prollenium US, Inc. v. Allergan Industrie, SAS, et al.*, IPR2019-01505, Paper 18 (Mar. 19, 2020); *Prollenium US, Inc. v. Allergan Industrie, SAS, et al.*, IPR2019-01617, Paper 17 (Mar. 20, 2020); *Prollenium US, Inc. v. Allergan Industrie, SAS, et al.*, IPR2019-01632, Paper 18 (Mar. 31, 2020); *Prollenium US, Inc. v. Allergan Industrie, SAS, et al.*, IPR2019-01506, Paper 18 (Mar. 31, 2020).

[4] *See Prollenium US, Inc. v. Allergan Industrie, SAS, et al.*, IPR2020-00084.

five asserted patents, the specification is essentially the same, and the issues raised in the petition are generally the same as in the other IPRs, Prollenium anticipates the PTAB will also institute trial on this final pending petition.

The PTAB's institution decisions are relevant here because they address many of the same prior art documents and products discussed in Prollenium's inequitable conduct counterclaim. The PTAB's decisions (albeit preliminary) corroborate Prollenium's well-pled allegations about the state of the prior art "shortly prior to August 4, 2008"—the subject of Lebreton's statements made to the PTO and the basis of Prollenium's inequitable conduct counterclaim and affirmative defense. *See, e.g*, D.I. 9 ¶¶ 121–127.

Like Prollenium's inequitable conduct counterclaim, the IPR petitions focus on the material misrepresentations made in the Lebreton declaration, given the Lebreton declaration is the reason each of the asserted patents was allowed by the PTO. In support of these assertions, each of Prollenium's IPR petitions included an expert declaration of 125+ pages laying out in detail how the prior art contradicted Lebreton's statements regarding the state of the prior art and the knowledge of a person of skill in the art, as well as Lebreton's misleading reliance on testing results. The information in these expert declarations is comparable to the allegations in Prollenium's inequitable conduct counterclaim. (In the

counterclaim, Prollenium discusses much of the same prior art publications and products that the expert does in the IPR declarations).

The PTAB found that the Lebreton declaration "cites no evidence of record in support of what a person of ordinary skill would have understood to be the state of the art at the time of the invention, other than the unsupported opinion of … Dr. Lebreton," Ex. A, IPR2019-01617, Paper 17 at 53-54, and that Prollenium's expert's assessment of the state of the art and the knowledge of persons of ordinary skill in the art, was "supported by evidence" and "more credible than the unsupported opinions of the Lebreton Declaration." *Id.* at 56.

The institution decisions underscore how Prollenium inequitable conduct counterclaim overcomes deficiencies previously identified by the Court in the original action (C.A. No. 19-126-CFC, D.I. 55 at 11-13). Prollenium specifically addresses where in the prior art material information is found demonstrating the falsity of Lebreton's statements. *See, e.g.*, D.I. 9 ¶¶ 16-107, 121-128. Because Prollenium's IPR petitions address many of the same prior art documents and products discussed in Prollenium's inequitable conduct counterclaim, the PTAB's decisions are instructive here. For example, the PTAB found that Prollenium's expert provided "substantial evidence" that persons of ordinary skill in the art would have understood that crosslinked-HA dermal filler products with lidocaine could be subjected to high temperature sterilization and that such products had

already been "approved by the FDA for commercial sale." *See*, *e.g.*, Ex. B, IPR2019-01509, Paper 17 at 38 (citing Kinney, Sadozai, and Toth/Hanke publications); D.I. 9 ¶¶ 82-107, 122-24; C.A. No. 19-126-CFC, D.I. 63 at 14-17. The PTAB also recognized and agreed that "Sadozai directly refutes the Lebreton Declaration's averral that lidocaine would degrade a HA gel during high temperature sterilization." Ex. A, IPR2019-01617, Paper 17 at 56; *see also* D.I. 9 ¶¶ 98-105; C.A. No. 19-126-CFC, D.I. 63 at 15-16.

Each of these findings by the PTAB supports the well pled allegations in Prollenium's inequitable conduct counterclaim (D.I. 9) as well as the arguments in Prollenium's briefing in support of its motion for leave to amend filed in the original action (C.A. No. 19-126-CFC, D.I. 63, D.I. 68). Because Prollenium's inequitable conduct counterclaim provides detailed factual support from which a reasonable inference can be drawn that the asserted patents are the product of inequitable conduct, Allergan's motion to dismiss in this action should be denied.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

*Of Counsel:*

John W. Harbin
Gregory J. Carlin
Warren Thomas
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
(404) 645-7700

Dated: April 9, 2020

**CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing brief contains 1,154 words, excluding the cover page, tables, and signature blocks, and that it complies with the Court's type, font, and word limitations.

*/s/ Andrew C. Mayo*

Andrew C. Mayo