IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN USA, INC. and ALLERGAN INDUSTRIE SAS, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 19-126-CFC |
| v. | ) ) ) ) | |
| PROLLENIUM US INC. and PROLLENIUM MEDICAL TECHNOLOGIES INC., | ) ) ) ) ) | |
| Defendants. | ) | |
| ALLERGAN USA, INC. and ALLERGAN INDUSTRIE SAS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) | C.A. No. 20-104-CFC |
| PROLLENIUM US INC. and PROLLENIUM MEDICAL TECHNOLOGIES INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES<br>John G. Day (#2403)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>jday@ashbygeddes.com<br>amayo@ashbygeddes.com |
| John W. Harbin<br>Gregory J. Carlin<br>Warren Thomas<br>Robert J. Leonard<br>MEUNIER CARLIN & CURFMAN LLC<br>999 Peachtree Street NE, Suite 1300<br>Atlanta, GA 30309<br>(404) 645-7700 | *Attorneys for Defendants* |

Dated: May 11, 2020

-i-

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. ARGUMENT ............................................................................................. 2

    A. A stay will substantially simplify the issues for trial ........................... 2

    B. Allergan will not be unduly prejudiced or disadvantaged by the proposed stay ....................................................................................... 4

        1. Prollenium did not delay ............................................................. 5

        2. The timing of the petitions and institution is early relative to the operative case schedule .............................................................. 6

        3. Allergan offers no evidence of supposed "outsized" competitive harms ........................................................................................... 7

        4. Prollenium is not a willful infringer ........................................... 10

III. CONCLUSION ....................................................................................... 11

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                              <u>Page(s)</u>

*Air Vent, Inc. v. Owens Corning Corp.*,
    No. 2:10-cv-01699-TFM, 2012 WL 1607145 (W.D. Pa. May 8, 2012) ...... 9

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
    No. 1:15-cv-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ........ 9, 10

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
    No. 1:08-cv-00063-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ......... 6

*British Telecomms. PLC v. IAC/InterActiveCorp*, No. 1:18-cv-366-WCB,
    2019 WL 4740156 (D. Del. Sept. 27, 2019) ....................................... 3, 4, 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ............................................................................. 10

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. 1:18-cv-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...... 2, 6

*Neste Oil OYJ v. Dynamic Fuels*, LLC,
    No. 1:12-cv-00662-GMS, 2013 WL 424754 (D. Del. Jan. 31, 2013) ....... 8-9

*Plastic Omnium Advance Innovation & Research v. Donghee Am.*,
    No. 1:16-cv-187-LPS, D.I. 278 (D. Del. Mar. 9, 2018) ........................... 3, 8

*Uniloc 2017 LLC v. Vudu, Inc.*,
    No. 1:19-cv-00183-CFC, D.I. 72 (D. Del. Mar. 26, 2020) .......................... 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .................................................................. 9

## I. **INTRODUCTION**

Allergan cannot sidestep the fact that all relevant factors favor a stay. The PTAB has instituted review of all six originally Asserted Patents in the first case. Just three days ago, Allergan narrowed the set of asserted claims so that *every* asserted claim from the first case is under review by the PTAB. At the same time, Allergan provided its infringement contentions identifying the asserted claims in the second case. Allergan concedes these newly asserted claims are similar to the claims already under review and does not dispute that the PTAB is likely to institute trial on Prollenium's forthcoming IPR petitions. Thus, a stay pending resolution of the IPRs will substantially simplify the issues for this Court.

There is no undue prejudice warranting a denial of Prollenium's motion. First, the timing of Prollenium's *seven* petitions against *six* patents was reasonable, not dilatory, in view of the scope of Allergan's original infringement assertions, which Allergan meaningfully narrowed only three days ago. Second, Allergan provides *no evidence* to support its speculative arguments about the "significant damages" it contends it *may* suffer if the stay is granted. Rather, the unchallenged evidence cited by Prollenium in its opening brief shows that money damages would be adequate to address whatever harm might result from the stay in the event Allergan were to prevail in this litigation. Finally, a stay will not "squander

the parties' investments to date" as Allergan suggests, D.I. 94 ("Allergan Br."), 1,[1] rather it will save the parties from significant costs and resources in continuing to litigate invalid claims.

## II. ARGUMENT

### A. A stay will substantially simplify the issues for trial

Unable to credibly argue that the PTAB's review of all six patents, and all asserted claims, from the first case (and likely institution of trial as to all eight patents) will not substantially simplify the issues, Allergan instead argues that the IPRs will not resolve "all aspects" of these cases. Allergan Br. 17-18 (pointing to issues such as infringement and damages). By design, IPRs *never* resolve these issues, yet Courts grant stays because of the substantial simplification by the PTAB addressing validity. *See, e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-cv-452-WCB, 2019-WL-3943058, at *10 (D. Del. Aug. 21, 2019) (finding "no force" to the same argument).

Allergan also argues that the failure to challenge *every* claim via IPR is "*often* fatal to a stay request." Allergan Br. 17 (emphasis added). But in the single case cited for that proposition, the court appeared to deny the stay primarily due to *timing* considerations—the claims had been construed, dispositive and Daubert motions were complete, expert discovery was complete, and the trial would occur

---

[1] All Docket Index citations are to the first case, No. 19-129.

8 months before the final written decisions—not because the IPRs wouldn't resolve every claim. *Plastic Omnium Advanced Innovation and Research v. Donghee America, Inc.*, No. 1:16-cv-187-LPS, D.I. 278 (D. Del. Mar. 9, 2018) (Ex. H, attached). The truth is that "courts have frequently issued stays" where IPR is "instituted on fewer than all the claims" because "the policies favoring simplification and the reduction of litigation burdens on the parties and the court are still applicable, particularly when the claims that are before the PTAB in an IPR are similar to those that are not." *British Telecomms. PLC v. IAC/InterActiveCorp*, No. 1:18-cv-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019) (Bryson, J. sitting by designation); *see also Uniloc 2017 LLC v. Vudu, Inc.*, No. 1:19-cv-00183-CFC, D.I. 72 (D. Del. Mar. 26, 2020) (granting staying when 75% of asserted claims were in IPR).

Here, the PTAB instituted trial on 91% of the original asserted claims in the first case. Now that Allergan has finally, on May 8, 2020, reduced its asserted claims, *all* asserted claims the first case are under review, and it is likely that trial will be instituted on the two similar patents in the second case. Allergan cannot dispute that the resolution of the IPRs will simplify the issues for trial. It is because of this potential for simplifying the issues for trial that courts consider this to be the "most important factor on whether to grant a stay" and have adopted a "liberal

-3-

policy" favoring stays pending instituted IPRs. *British Telecomms.*, 2019 WL 4740156, at *3.

Allergan's filing of a second case almost three months after Prollenium filed its last petition in the first case, does not change the fact that the already-instituted petitions will significantly simplify the issues for trial. While petitions have not yet been finalized and filed on the '202 and '896 patents asserted in the second case, Allergan concedes the patents are "similar" to, and "from the same family" as, the patents under review at the PTAB. Allergan Br. 3. Allergan also does not contest that "institution is highly likely" for the two newly asserted patents. *Compare* Prollenium Br. (D.I. 83) 1, 9-10, *with* Allergan Br. 11 & n.1 (arguing about *when*—not if—the PTAB's institution and final decisions would issue). The similarity of the newly asserted patents therefore supports the fact that the issues will be substantially simplified by staying pending the IPRs. *Cf. British Telecomms.*, 2019 WL 4740156, at *7 (citing multiple cases where stays were instituted when there was "significant overlap," "nearly identical disclosures," "closely related," or "sufficient correlation among all the patents").

**B.     Allergan will not be unduly prejudiced or disadvantaged by the proposed stay**

Allergan's opposition relies heavily on the alleged harm that would result to Allergan from a stay, but its arguments are unsubstantiated. Notwithstanding Allergan's speculation, the factors the Court considers when evaluating *undue*

prejudice or tactical advantage weigh in favor of a stay or, at minimum, do not outweigh the other two factors.

### 1. Prollenium did not delay

Allergan made a strategic decision to assert all 125 claims across 6 patents in its August 2019 initial infringement contentions against a *single accused product*. Despite its carpet-bombing tactic, Allergan now complains that Prollenium took too long to file seven comprehensive IPR petitions. *See* Allergan Br. 8-10. Having forced Prollenium to file petitions that constitute almost 500 pages of substantive briefing, which generated over 300 pages of PTAB preliminary decisions, Allergan cannot fairly complain about the time it took to file them. This was no simple task.

Allergan's contention that Prollenium "should have filed its IPRs" in January 2019, before or within days of the initial complaint, is absurd. Before the initial complaint, Prollenium could not know which of Allergan's thicket of patents it would assert. Allergan continued to change the scope of the proceeding by asserting four more patents in February 2019 and two more patents almost a year later. Prollenium reasonably responded once the scope of the litigation was set by Allergan's complaint and its August 2019 infringement contentions.

Prollenium's filing of its petitions within a few months of the initial Scheduling Order (D.I. 17), and even sooner after Allergan chose to assert all 125

claims, does not "suggest dilatory intent" as Allergan argues;[2] it is entirely reasonable. *See* Prollenium Br. 15-16.[3] There was no delay by Prollenium in filing its IPR petitions—certainly no *dilatory intent*—and Allergan has failed to demonstrate otherwise.[4]

### 2. The timing of the petitions and institution is early relative to the operative case schedule

While Allergan unjustifiably complains about the delay in Prollenium's IPR filings, it ignores that these cases are still in the early stages. Since Prollenium's opening brief, the parties agreed on a schedule for both cases (if the cases are *not* stayed) where the Markman hearing and close of fact discovery are still months away. Proposed Scheduling Order, D.I. 93, 23-24. Expert discovery will not be completed until next year. *Id*. No fact depositions have been noticed, let alone taken. Thus, the most significant and burdensome pretrial discovery has not yet occurred and will not for some time. *See IOENGINE*, 2019 WL 3943058, at *5.

---

[2] Allergan's reliance on *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, has no application here. In *Belden*, the court denied a stay where (1) requests for reexamination were made 17-20 months after complaint was filed, and (2) the motion to stay was filed just 11 days prior to the start of trial. No. 1:08-cv-00063-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

[3] Allergan does not contest that the second sub-factor, the timing of request for stay, favors Prollenium.

[4] Even in the second case, Allergan did not serve its infringement contentions until May 8, 2020. So the lack of IPR petitions on those two patents also does not show any dilatory intent.

Contrary to Allergan's assertions, this case is far from "significantly developed" as the most substantial pretrial discovery remains. Allergan Br. 5. It is thus in the parties' and the Court's interest to avoid these costly, burdensome stages of the case until the issues are simplified by the IPRs. The stage of these cases strongly favors a stay.

### 3. Allergan offers no evidence of supposed "outsized" competitive harms

Allergan's brief relies heavily on its argument that, because Prollenium is a competitor, Allergan will be unduly prejudiced if a stay is granted because of loss of market share and price erosion. Allergan Br. 12-14. Noticeably absent from Allergan's opposition is *any evidence* to support its assertions of economic harm. Instead, Allergan presents only attorney argument. As shown in Prollenium's opening brief, Allergan's net revenues actually *increased* in the year following Prollenium's launch. Prollenium Br. 19 (citing Ex. B). Allergan neither disputes nor tries to *explain* this fact, and it fails to present any evidence of a change since the new year based on Prollenium's continued presence in the market.

Allergan speculates that it and its multiple licensees "may need to adjust" prices to "preserve market share," that royalties will be depressed, and that

Prollenium will "permanently reshape" the market. Allergan Br. 4, 13.[5] Such evidence is uniquely in Allergan's possession. If Allergan had *any* evidence these harms were occurring, Allergan surely would have presented it. It did not. Allergan has failed to demonstrate any undue prejudice.

Prollenium admits that it competes with Allergan, albeit on a dramatically different scale. Mere competition is not enough to prevent a stay, however. Prollenium Br. 18-19. Allergan makes the conclusory statement that in "cases *like this*, where a stay can reshape a market and convey an undeserved competitive advantage, stays are disfavored." Allergan Br. 13-14 (emphasis added). Aside from the lack of evidence that a stay will "reshape" the market here, Allergan's cited case provides *no support* for its proposition. Rather, the Court in *Plastic Omnium* noted—only in a parenthetical—that the case "involves competitors" after explaining *several* other reasons for denying the stay, largely focusing on the timing of the case (*e.g.*, dispositive motions had been briefed and trial was three months away). *Plastic Omnium*, D.I. 278 (Ex. H). The question is not whether there is "some amount of potential prejudice at play," *see* Allergan Br. 14 (citing *FMC Corp.*), but whether any potential prejudice is *undue*. *Neste Oil OYJ v.*

---

[5] Allergan likewise worries that Prollenium might not "afford" damages owed and complains that Prollenium "made no offer of a bond" or deposited its profits in escrow. Allergan Br. 16. Allergan cites no case, nor is Prollenium aware of one, where any court or party has required these actions as part of a stay pending IPR.

*Dynamic Fuels, LLC*, No. 1:12-cv-00662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013).

Here, it is undisputed that the market includes multiple products and multiple royalty-paying licensees. These facts indicate money damages are adequate to compensate any harm due to a stay, which "undermines [Allergan's] assertion of undue prejudice because of loss of market share." *Id.* at *3 (quoting *Air Vent, Inc. v. Owens Corning Corp.*, No. 2:10-cv-01699-TFM, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012)); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages … it only delays realization of those damages …");[6] *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, No. 1:15-cv-595-LPS, 2016 WL 6594083, at *5 (D. Del. Nov. 7, 2016) (finding the "harm is not of overwhelming significance" where money damages available); *see also* Prollenium Br. 19-21.

---

[6] Allergan argued that *VirtualAgility* is "very different" from this case because the "very special circumstances" of the Covered Business Method (CBM) review at issue in that case. Allergan Br. 15 n.2. But the *stay* of the patent infringement actions between competitors and the type of harms that might flow from it are the same regardless of the type of "review" at the PTO. *Cf. British Telecomms.*, 2019 WL 4740156, at *3 (explaining similar benefits of IPR and CBM reviews). Moreover, while Allergan cites (without explaining) the different "de novo" review standard for CBM stays, the Federal Circuit held the district court abused its discretion in denying the stay, regardless of standard of review. *VirtualAgility*, 759 F.3d at 1320.

In any event, the relationship between the parties is only *one sub-factor* in the undue prejudice analysis. Allergan's speculation about potential harm does not outweigh the remaining factors. *See, e.g.*, *454 Life*, 2016 WL 6594083, at *5 (no undue prejudice even though direct competition did not favor movant).

### 4. Prollenium is not a willful infringer

Allergan also tries to cast Prollenium as a willful infringer to contend that the prejudice of a stay is somehow more severe. *See* Allergan Br. 4, 6. A willful infringer is one "who intentionally infringes another's patents—with no doubts about its validity or any notion of a defense—for no other purpose other than to steal the patentee's business." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). The only support Allergan offers for such conclusory allegations are Prollenium's good faith actions in reaching out to inform Allergan that it intended to introduce its own dermal filler with lidocaine and to attempt to negotiate an amicable resolution and avoid costly litigation.

Allergan ignores the fact that one cannot infringe an invalid patent. Prollenium told Allergan it believed the patents are invalid. That belief has been supported by the PTAB's findings that Prollenium has "a reasonable likelihood" in showing invalidity. *E.g.*, D.I. 84-1 (Ex. A), 151. Regarding Prollenium's unenforceability defense, Judge Fallon found that the Prollenium's inequitable conduct counterclaim—citing Allergan documents—was adequately pled. D.I. 85,

13. Judge Fallon found it reasonable to infer that the inventor misrepresented the state of the prior art in his declaration—a declaration that was the sole reason the Asserted Patents were allowed—and that he had the specific intent to mislead the PTO to obtain issuances of the patents. *Id.* at 10. The fact that Prollenium attempted to negotiate an amicable resolution to the anticipated dispute—being transparent throughout about what steps it would take otherwise—is irrelevant.

### III. CONCLUSION

All the relevant factors support a stay. Prollenium respectfully requests that the Court stay this litigation until the IPRs are concluded.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

*Of Counsel:*

John W. Harbin
Gregory J. Carlin
Warren Thomas
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
(404) 645-7700

Dated: May 11, 2020

-12-

## **CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing brief contains 2,494 words, excluding the cover page, tables, and signature blocks, and that it complies with the Court's type, font, and word limitations.

*/s/ Andrew C. Mayo*
_____
Andrew C. Mayo