IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN USA, INC. and ALLERGAN INDUSTRIE SAS,<br><br>    Plaintiffs,<br><br>    v.<br><br>PROLLENIUM US INC. and PROLLENIUM MEDICAL TECHNOLOGIES INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 20-104-CFC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' RENEWED
## MOTION TO STAY PENDING *INTER PARTES* REVIEW

*Of Counsel:*

John W. Harbin
Gregory J. Carlin
Warren Thomas
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
(404) 645-7700

Dated: June 8, 2020

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

{01573150;v1 }

In accordance with the Court's Order following the May 20, 2020 hearing addressing the Defendants' previous motion to stay, Defendants Prollenium US Inc. and Prollenium Medical Technologies Inc. (collectively, "Prollenium") respectfully renew their motion to stay.  Prollenium moves the Court to stay this case pending the resolution of the *inter partes* review ("IPR") petitions Prollenium has filed with the Patent Trial and Appeal Board ("PTAB") challenging the two patents asserted in this case, U.S. Patent Nos. 10,391,202 ("the '202 patent") and U.S. Patent No. 10,485,896 ("the '896 patent").

The Court granted Prollenium's motion to stay the first case (C.A. 19-126) brought by Plaintiffs Allergan USA, Inc. and Allergan Industrie SAS (collectively, "Allergan") asserting six patents that are related to the two patents at issue in this action.  See May 20, 2020 Oral Order (granting motion to stay for the reasons stated on the record) *and* Transcript of May 20, 2020 Hearing, Ex. A, 23:1-13.

After staying the first case, the Court denied Prollenium's previous motion to stay this second case on the '202 and '896 patents, which patents are related to the six currently under review at the PTAB.  Ex. A, 23:14-18.  The Court noted, however, that, "I'm going to not stay the second case right now, but if the defendant agrees to forego its inequitable conduct counterclaims and defenses and it files for an IPR [the Court] will entertain at that point and immediately a motion for a stay of [this] second action." *Id.*

Prollenium now renews its prior motion to stay on the basis of meeting the conditions set by the Court.[1]  On June 2, 2020, Prollenium filed IPR petitions with the PTAB challenging all claims of the '202 and '896 patents.  Ex. B.  Prollenium confirms that, if this case is stayed pending the resolution of the IPR petitions on the two patents asserted here, Prollenium will dismiss its inequitable conduct counterclaim and defense in this case without prejudice.  The specific procedure Prollenium proposes is that, within 14 days after the stay is entered, Prollenium will submit a proposed Order dismissing the defense and counterclaim for inequitable conduct without prejudice.

Prollenium and Allergan have conferred about this Motion, and Prollenium understands that Allergan opposes for two reasons.  First, Allergan asserts that the dismissal of the defense and counterclaim for inequitable conduct should be *with* prejudice.  Second, Allergan states that it understood the Court's directions at the hearing to be that Prollenium needs to dismiss the inequitable conduct defense and counterclaim in both this case and the earlier case that is already stayed.  Prollenium addresses each issue in turn.

---

[1] Because the issues related to a stay of this action were previously raised in Prollenium's briefing in support of its earlier motion to stay, and to avoid repetitious briefing, Prollenium incorporates by reference its briefing in support of the earlier stay motion: C.A. 19-126, D.I. 83, 97; C.A. 20-104, D.I. 15, 26.

First, the Court requested that Prollenium drop its inequitable conduct defense and counterclaim, and Prollenium has agreed to do that.  Allergan, however, is refusing to consent to this Motion unless Prollenium dismisses its defense and counterclaim *with prejudice*, potentially foreclosing Prollenium's ability to raise such a defense in any future litigation against Allergan involving later-issued "child" patents.  Prollenium's concerns about additional follow-on litigation are well-founded.  Indeed, despite Prollenium's efforts to resolve the first case, Allergan filed this second case asserting two continuation patents, and Allergan has additional continuation applications pending.  The general rule is that a dismissal with prejudice acts as an adjudication on the merits. *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) ("A dismissal with prejudice operates as an adjudication on the merits, so it ordinarily precludes future claims." (internal quotations omitted)).  The law is unclear as to whether and to what extent specific language could be crafted to avoid considering the proposed dismissal here an adjudication on the merits andprohibiting Allergan from later taking that position.  *Cf. Venuto v. Witco Corp.*, 117 F.3d 754, 759 (3d Cir. 1997) (finding a claim not barred in part because it was dismissed *without* prejudice).[2]

---

[2] Prollenium explained its concern about the potential effects of a dismissal with prejudice on possible subsequent litigation on child patents and invited Allergan to

Prollenium simply seeks to avoid a situation in which a dismissal with prejudice in this action might be interpreted (or argued by Allergan) to bar assertion of inequitable conduct as a defense or counterclaim in a future action. Prollenium respectfully submits Allergan should not be provided an advantage in potential future litigation based on an agreement by Prollenium to obtain a stay that applies to this case only.

Conversely, Allergan's concerns about the risks in this case from a dismissal *without* prejudice lack practical merit.  A dismissal without prejudice would remove the issue of inequitable conduct from this litigation and further simplify the issues that will remain should any asserted claims survive IPR. Allergan counsel stated that its concern was that Prollenium might attempt to "resurrect" the inequitable conduct defense/counterclaim in this case.  Prollenium will not do that. But even if it tried, it would have to seek leave from this Court to do so, and undoubtedly the Court would not permit that action in view of the representations and circumstances leading to the dismissal of the claim in the first place. Prollenium believes a dismissal without prejudice of its inequitable conduct defense and counterclaim in this case, removing those issues from this litigation, is consistent with the Court's instructions during the hearing and should be sufficient.

---

explain how Prollenium's concerns are unfounded, if it could.  Allergan did not do so.

Regarding the second issue, Prollenium has not understood the Court's ruling during the hearing to require Prollenium to also forego its inequitable conduct counterclaim and defense in the first case. The Court stayed the first case based on Prollenium's prior motion and for the reasons stated on the record. Ex. A, 23:1-13.  Prollenium therefore understood that the Court's reference to considering a stay of the "second action" only if the Prollenium agrees to forego its inequitable conduct defense and counterclaim was only with respect to this second case.  Prollenium has agreed to do that.

If Prollenium's understanding of the Court's statements is incorrect however, and the Court was suggesting that Prollenium drop its defense and counterclaim in *both* cases, then Prollenium would agree to do so. Prollenium believes that foregoing an additional defense in the first case is unwarranted given the Court's reasoning that the IPRs on the first six patents *already* will "inevitably … and greatly simplify" the first case without undue prejudice to Allergan, regardless of the presence of the inequitable conduct defense. Ex. A, 23:3-10. Nevertheless, Prollenium would also agree to forego its unenforceability defense and counterclaim as to the asserted patents in the first action, if the court so directs.

For these reasons, and the reasons previously expressed in the first case, Prollenium respectfully requests that the Court stay this litigation pending resolution of the IPR petitions.  A proposed Order is attached.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Andrew C. Mayo* |
|  | _____ |
|  | John G. Day (#2403) |
|  | Andrew C. Mayo (#5207) |
| *Of Counsel:* | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
| John W. Harbin | Wilmington, DE 19899 |
| Gregory J. Carlin | (302) 654-1888 |
| Warren Thomas | jday@ashbygeddes.com |
| Robert J. Leonard | amayo@ashbygeddes.com |
| MEUNIER CARLIN & CURFMAN |  |
| 999 Peachtree Street NE, Suite 1300 |  |
| Atlanta, GA 30309 | *Attorneys for Defendants* |
| (404) 645-7700 |  |

Dated: June 8, 2020